UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LAWRENCE OZEL LITTLE,

    Defendant.

_____/

Case No. 91-81110

HON. GEORGE CARAM STEEH

OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE [ECF NOS. 142 and 147]

In June of 1992, a jury found defendant Lawrence Ozel Little guilty of killing a government witness and aiding and abetting in that killing, 18 U.S.C. §§ 1512, 1111, and 2. Little was 23 years old at the time he committed the murder and he began serving his mandatory life sentence in 1993. Little, now 55 years old, moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons given below, defendant Little's motion for reduction of sentence is DENIED.

## BACKGROUND FACTS

By the time he was 24 years old, Little had been convicted of seven crimes, including unlawful driving away of an automobile, carrying a concealed weapon, larceny, receiving and concealing stolen property, and

-1-

prison escape. (PSR ¶¶ 26–39). He was on parole when he committed the crimes for which he is now serving his life sentence. (PSR ¶ 41).

Little's victim was a suspected heroin courier who agreed to cooperate with the government. (PSR ¶¶ 8-9). The victim testified at grand jury, which resulted in an indictment against three defendants, and the victim was prepared to testify at their trial. (PSR ¶¶ 10-11). However, in January 1990, to prevent his testimony, three masked men arrived at the victim's home in a van, broke in through a window, and beat and stabbed him. (PSR ¶ 12). The victim was taken to the hospital, but soon succumbed to his injuries, having suffered many irregular lacerations of the scalp with associated bruises and injuries of the brain as well as 35 stab wounds to the head, back, abdomen, both arms, and right leg. (PSR ¶ 15). The brutal attack took place in the presence of the victim's 5-year-old son and 15-month-old daughter.

Little was indicted on December 18, 1991. Little confessed to being one of the three masked men and he implicated two other men involved in the killing, Anthony Ellis and defendant's brother Darrin. Little opted to go to trial and the jury convicted him of intentionally killing a government witness as well as aiding and abetting in that crime. The Court sentenced Little to life in prison, which was required by statute and was within the guidelines

range of 360 months to life.

After Little's conviction and sentence, prosecutors charged Ellis and Darrin with the same homicide. *See United States v. Little*, No. 93-80130. Ellis pleaded guilty to the killing and was sentenced to 121 months imprisonment. Darrin pleaded guilty to accessory after the fact and was sentenced to 60 months imprisonment.

Little moves for compassionate release based on his rehabilitation, his age at the time of the offense, sentencing disparities, and his current age and health.

LAW AND ANALYSIS

I. The Court's Authority to Grant Compassionate Release

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The First Step Act provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A). This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) "extraordinary and compelling reasons warrant [a sentence] reduction," (2) the reduction is consistent with the "applicable policy statements issued by the Sentencing Commission," and (3) "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" have been considered. 18

-3-

U.S.C. § 3582(c)(1)(A). If these requirements are met, the court "may reduce the term of imprisonment[.]" *Id*.

At step one, a court must find that "extraordinary and compelling" reasons warrant a sentence reduction. While these terms are not defined in the statute, the Sixth Circuit has stated that they are to be given "their ordinary meaning at the time Congress enacted the statute." *United States v. Hunter*, No. 21-1275, --- F.4th ---, 2021 WL 3855665, at *4 (6th Cir. Aug. 30, 2021) (internal quotation marks omitted). "'Extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *Id*. (quoting Webster's Third New International Dictionary: Unabridged 807 (1971)). "'Compelling' meant 'forcing, impelling, driving.'" *Id*.

The Sixth Circuit has considered whether certain situations can qualify as extraordinary and compelling reasons to support a reduction of sentence. A panel of the Court recently made clear that "non-retroactive changes in the law, whether alone or in combination with other personal factors, are not 'extraordinary and compelling reasons' for a sentence reduction." *Hunter*, 2021 WL 3855665, at *4. The Court overturned the divided panel's decision in *United States v. Owens*, 996 F.3d 755, 760, 763

-4-

(6th Cir. 2021) because "'*Owens* [did] not follow *Tomes's*[1] reasoning or holding that a non-retroactive First Step Act amendment fails to amount to an 'extraordinary and compelling' explanation for a sentencing reduction.'" *Hunter*, 2021 WL 3855665 at *5 n.4 (quoting *Jarvis*, 999 F.3d at 445-46).

The Court in *Hunter* also reiterated that "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction." *Id*. at *4, 9 (concluding that the district court erred by considering the defendant's age when he committed the murder and his co-defendants' sentences in analyzing whether extraordinary and compelling reasons existed to warrant a sentence reduction). *Hunter* concluded that permitting facts known to the Court at sentencing to be re-examined, "nullifies the extraordinary-and-compelling-reasons requirement and transforms § 3582(c)(1)(A) into an unbounded resentencing statute." *Id*. at *10. Therefore, "[a] court must first find that the facts of *the defendant's* personal circumstances changed after sentencing in a way that is "extraordinary and compelling," before a court is permitted to weigh (or revisit) the § 3553(a) factors." *Id*. at *9 (citing *Setser v. United States*, 566 U.S. 231, 243 (2012) (explaining that § 3582(c)(1)(A) is triggered by "developments that take place after the [original]

---

[1] *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021).

sentencing")).

Finally, an inmate's rehabilitation while serving his sentence, without more, will not suffice as a reason to grant a reduction of sentence. "Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Hunter* at *11 (quoting 28 U.S.C. § 994(t)).

The Sixth Circuit has held that the second step in the compassionate release analysis, consideration of the Sentencing Commission policy statement § 1B1.13, is "'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (citation omitted); accord *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

Pursuant to the statute, the third step of the analysis directs the court to "consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114.

II.    Exhaustion of Administrative Remedies

A defendant can file a motion for compassionate release after he has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion. . ." or "30 days after the date the warden received a request for compassionate release." 18 U.S.C. § 3582(c)(1)(A).  Mr. Little submitted

-6-

his request for compassionate release with the BOP in December of 2020. More than thirty days have passed since he filed his initial request. Therefore, Little has exhausted his administrative remedies.

III. <u>Extraordinary and Compelling Reasons</u>

Little raises several arguments as extraordinary and compelling reasons that warrant his release or a reduction in his sentence. These include his age at the time of the offense, sentencing disparities between himself and the other individuals sentenced for the same crime, his rehabilitation in prison, and his health. This case does not involve an argument that a non-retroactive change in sentencing law should constitute an extraordinary and compelling reason to reduce Little's sentence.

 A. <u>Youth</u>

To be sure, there is science to support Little's argument that "the prefrontal cortex of the brain does not reach 'full adult maturity' until 'the early to mid-20s,' and this part of the brain controls impulse control, complex decision-making, inhibition, and planning." ECF No. 147, PageID.773. However, Little, who was just shy of 24 at the time he committed the murder of the government witness, was on the cusp of full brain maturity. Furthermore, this Court may not rely on facts that existed at sentencing, including Little's age at the time of the offense, in undertaking

the extraordinary and compelling reason analysis. *Hunter*, 2021 WL 3855665 at *9.

### B. Sentencing Disparity

Little next points out the sentence disparity between himself and the other defendants involved in the same murder. The disparity was not known to the sentencing judge when Little was sentenced because the other defendants had not yet been indicted. However, unlike Little, Ellis and Darrin cooperated and accepted responsibility. Defendants who cooperate and provide substantial assistance can receive lesser sentences. *See* 18 U.S.C. § 3553(e); USSG §§ 3E1.1, 5K1.1; Fed. R. Crim. P. 35(b).

Little was viewed differently for purposes of sentencing than the other two men, whose offense levels and criminal history categories were far less than Little's. There is an additional difference between Little and his brother Darrin, who pled to committing a lesser crime. Finally, any adult in the same position as Little—that is one who refuses to cooperate and is tried and convicted for intentionally killing a government witness—will receive a life sentence because it is statutorily required. *See* 18 U.S.C. §§ 1512, 1111. The disparity in the sentences is not relevant in this case because the comparators are not similarly situated. For this reason, the disparity is

not extraordinary and compelling.

 C. Health

Little is presently 55 years old. His medical records indicate he suffers from obesity, hypertension, indigestion, high cholesterol, latent tuberculosis, and eye and ear disorders. Little is receiving treatment for his conditions, including medication, and there is no sign that he is unable to engage in normal activities of daily living. Little is housed at FCI Edgefield, which currently has 1,467 inmates, including 9 inmates and 3 staff who are confirmed positive for Covid-19. https://www.bop.gov/coronavirus/.

Little contracted Covid-19 in December 2020 but recovered, albeit with some reported lingering side effects. He was offered but refused the Pfizer Covid-19 vaccine in March 2021, but he has since received both doses of the Moderna vaccine. While Little has several medical risk factors identified by the CDC as increasing the risk of an adverse outcome from Covid-19, now that he has been vaccinated, his medical condition no longer presents an extraordinary and compelling circumstance. See *United States v. Gabbard*, No. CR 18-20039, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021).

 D. Rehabilitation

Little presents evidence of rehabilitation that by all accounts is to be

commended. However, no matter how impressive, rehabilitation alone cannot be considered an extraordinary and compelling reason for compassionate release. *Hunter*, 2021 WL 3855665 at *11; 18 U.S.C. §994(t). As discussed above, Little is not eligible for a reduction in sentence based on any of the other factors he raised in his motion (youth, disparity of sentence, health). Therefore, Little's record of rehabilitation does not present an extraordinary and compelling reason for compassionate release.

IV.     Section 3553(a) Factors

The Sixth Circuit has stated that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Having concluded that Little failed to show extraordinary and compelling reasons for reducing his sentence, the Court need not engage in a formal weighing of the § 3553(a) factors.

Nevertheless, the Court acknowledges that the "nature and circumstances" of Little's crime involved the brutal beating and stabbing of a father in front of his children. Congress saw fit to mandate that those who commit premediated murder serve the rest of their days in prison. Releasing a convicted murderer would not reflect the seriousness of Little's

offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public. See 18 U.S.C. § 3553(a)(1). The fact that Little targeted a government witness carries added significance, since law enforcement often depend on cooperators to investigate and prosecute organized crime. Reducing Little's sentence given the circumstances would dissuade cooperators and would diminish the deterrent effect his sentence has on future conspiracies to kill government witnesses.

The Court finds that consideration of the section 3553(a) factors does not support Little's motion for a reduction in his sentence.

V. Conclusion

For the reasons stated in this opinion and order, the Court DENIES Little's motion for reduction of sentence (ECF Nos. 142 and 147).

Dated: September 29, 2021

                                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 29, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk